1

2

3

4

5

6

7

8

9

10

11                          **UNITED STATES DISTRICT COURT**

12                       **SOUTHERN DISTRICT OF CALIFORNIA**

13

14   KEITH PULLMAN,                           CASE NO. 11-CV-202 JLS (BLM)

15                              Plaintiff,    **ORDER GRANTING**
                                              **DEFENDANTS' MOTION TO**
16          vs.                               **DISMISS**

17                                            (ECF No. 15)
     ARNOLD SCHWARZENEGGER,
18   MICHAEL CHRISMAN, RUTH
     COLEMAN, KATHY DICE, MARK
19   JORGENSEN, MICHAEL WELLS,
     RONILEE CLARK, SUSAN
20   MCLAUGHLIN, JAMES COLLINS, TARA
     LYNCH, et al.,
21
                              Defendants.
22

23          Presently before the Court is Defendants' motion to dismiss Plaintiff's First Amended

24   Complaint.  (ECF No. 15.)  Having considered the parties' arguments and the law, the Court

25   **GRANTS** Defendants' motion to dismiss for the reasons discussed below.

26                                    **BACKGROUND**

27          This Order incorporates the factual and procedural history as set forth in this Court's prior

28   Order granting in part Defendants' motion to dismiss.  (Dec. 20, 2011 Order at 1-3, ECF No. 13.)

1    In that Order, the Court held that Plaintiff had not stated a cognizable federal claim under 42

2    U.S.C. § 1983 and declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

3    Plaintiff was granted leave to amend, and he filed a First Amended Complaint ("FAC") on January

4    17, 2012.  (ECF No. 14.)  The FAC again states six causes of action, six of which are brought

5    under state law, and only one of which—brought under 42 U.S.C. § 1983—asserts a federal claim.

6    And again, Plaintiff's § 1983 claim is based on violations of his rights under the First and

7    Fourteenth Amendments, "of freedom of speech, freedom to petition the Government and to

8    inspect and procure copies of public records."  (FAC ¶ 85.)

9           On February 7, 2012, Defendants again moved to dismiss.  (MTD FAC, ECF No. 15.)

10   Plaintiff has opposed (Opp'n, ECF No. 16), and Defendants have replied (Reply ISO MTD FAC,

11   ECF No. 17).

12                                        **LEGAL STANDARD**

13          Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

14   the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

15   motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

16   sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

17   statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

18   require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

19   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

20   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's

21   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

22   conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

23   550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint

24   suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S.

25   at 678 (citing *Twombly*, 550 U.S. at 557).

26          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

27   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

28   550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts

pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*  Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotations omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

The Court agrees with Defendants that the amended § 1983 claim stated in Plaintiff's FAC is "little more than an expanded rehash of the original complaint."  (MTD FAC 4.)  Although Plaintiff has, as he says, added many pages and documents to his Complaint, these do not remedy the deficiencies noted in the Court's previous Order.  Plaintiff has failed to comply with the Court's direction to include specific, non-conclusory facts sufficient to support a viable retaliation claim in his FAC.  Instead, he has merely restated the same assertions the Court has already held do not constitute a cognizable constitutional violation under either the First or Fourteenth Amendments.  (Dec. 20, 2011 Order 5-10.)  The Court discusses each in turn below.

//

**1. First Amendment**

1   In its previous Order, the Court stated that Plaintiff must ultimately prove Defendants'
2   challenged conduct was such that would chill or silence a person of ordinary firmness from future
3   protected First Amendment activities, and also that Defendants' desire to cause the chilling effect
4   was a "but-for cause" of the action.  (Dec. 20, 2011 Order 6) (citing *Dietrich v. John Ascuaga's*
5   *Nugget*, 548 F.3d 892, 900-01 (9th Cir. 2008); *Skoog v. County of Clackamas*, 469 F.3d 1221,
6   1231-32 (9th Cir. 2006)).  The Court also noted that not all acts that are motivated by retaliation
7   are so significant as to amount to a constitutional violation.  (*Id.*) (citing *Cole v. Sunnyvale*, 2010
8   WL 532428 (N.D. Cal. Feb. 9, 2010)).  And, although the public has a limited, qualified right to
9   inspect and copy public records and documents, this right does not guarantee an absolute ability to
10  receive copies of any public record or document on demand.  (*See* Dec. 20, 2011 Order) (citing
11  cases).  The Court concluded that Plaintiff's assertions that he attempted to access the Plan on
12  specific days and was not given immediate access to the Plan "at that time" failed to sufficiently
13  allege Plaintiff was engaged in a protected First Amendment activity.

14  The Court dismissed Plaintiff's § 1983 claim under the First Amendment, but allowed
15  Plaintiff the opportunity to "plead facts in an amended complaint that substantiates a violation
16  effectuated by the denial of access to public records."  (*Id.* at 8.)    Further, Plaintiff was directed to
17  allege "that Defendants' challenged conduct was such that would chill or silence a person of
18  ordinary firmness from future protected First Amendment activities, and also that Defendants'
19  desire to cause the chilling effect was a 'but-for cause' of the action.  At minimum, Plaintiff must
20  allege that he was harmed by Defendants' actions, *see Rhodes v. Robinson*, 408 F.3d at 567 n.11,
21  and that a desire to cause a chilling effect was a "but for" cause of Defendants' actions."  (*Id.*)
22  Specifically addressing Plaintiff's allegations with regard to Defendant Collins, the Court noted
23  that Plaintiff's statements that Defendant Collins "made physical, harmful, and offensive contact
24  with Plaintiff in an attempt to force Plaintiff from the building" were not sufficient to state a claim
25  for First Amendment retaliation.  (*Id.* at n.2.)  The Court reasoned that even if Defendant Collins's
26  actions rose to the level of a potentially retaliatory action, Plaintiff had not alleged or pleaded facts
27  from which to reasonably infer that the conduct was motivated by retaliation.  (*Id.*)

1     The same shortcomings that plagued Plaintiff's Complaint still remain in his FAC.
2  Plaintiff argues he was engaged in a constitutionally protected activity through the First
3  Amendment's protection of the freedom of speech and the right to petition the Government.
4  (Opp'n 6.)  This is the same argument he made previously, to no avail.  Although Plaintiff has
5  alleged specific instances he was denied access to public documents on demand, that alone does
6  not state a claim for a violation of his First Amendment rights.  The facts he alleges support the
7  inference that he was in fact given access to many documents, but that some of his attempts at
8  various times to access other documents were unsuccessful.  As the Court stated in its previous
9  Order, the First Amendment does not guarantee unfettered access to records at the time and place
10 of a citizen's choosing.  (*See* Dec. 20, 2011 Order 6-8.)  Thus, Plaintiff's FAC still does not
11 contain allegations allowing the Court to infer Plaintiff's limited, qualified right to inspect and
12 copy public records and documents was violated.

13    In addition, in the FAC Plaintiff has not remedied the deficiencies noted by the Court in
14 alleging he was subjected to adverse action that would chill a person of ordinary firmness, or a
15 substantial causal relationship between the constitutionally protected activity and the adverse
16 action, which are both also required for his § 1983 claim under the First Amendment.  (*See* Dec.
17 20, 2011 Order 8.)  Plaintiff alleges he was denied access to records, told to leave, threatened with
18 pepper spray, and even "grabbed" by Defendant Collins in an attempt to make Plaintiff cease his
19 tireless requests.  As the Court stated in its previous Order, such actions may rise to the level of a
20 constitutionally sufficient adverse action in some contexts, but here Plaintiff has failed to make
21 any but the most conclusory causal connection between his allegedly constitutionally protect
22 activity and the allegedly adverse action, merely stating that Defendants' conduct "was intended to
23 (and did in fact, but for the assertion of these claims in a court of law), chill and deter Plaintiff."
24 (*See id.*; FAC ¶ 87.)  And further, because he has failed to viably allege he was engaged in a
25 constitutionally protected activity, these allegations as to a chilling effect and a causal connection
26 must necessarily fail also.
27 //
28 //

- 5 -

**2. Fourteenth Amendment**

Plaintiff also argues his FAC states a claim for a cognizable constitutional violation under the Fourteenth Amendment. The § 1983 claim stated in Plaintiff's FAC focuses on his First Amendment rights and allegedly retaliatory acts by Defendants, but Plaintiff asserts he has stated a claim under the Fourteenth Amendment as well by alleging "that he was assaulted by various employees of the CDPR acting under color of state law." (Opp'n 9-10) (internal citations omitted). To support his contention that Defendants' actions rise to the level of a Fourteenth Amendment violation, he relies upon the same cases the Court addressed as inapposite in its previous Order (*see* Dec. 20, 2011 Order 9-10.) Merely alleging that force was used or threatened does not state a claim. As the Court explained, "[n]ot every use of force or threat of force by a state employee constitutes a violation of a person's constitutional rights." (*Id.* at 9.) Plaintiff alleges Defendant Collins grabbed his arm and that various Defendants threatened the use of pepper spray against him, causing him to cease his requests for records before he otherwise would have. (Opp'n 10-11.)

> Plaintiff was faced with two choices. Plaintiff could have defied the armed and threatening "peace" officer by continuing to assert his right to speak to staff regarding the inspection and copying of public records, which only would have succeeded in escalating the conflict into a breach of peace, and leaving Plaintiff both seriously injured and under arrest. OR, Plaintiff could have recognized the threat and peacefully, albeit unhappily, left the public premises and sought redress for his grievances in a court of law.

(Opp'n 11.) But whether or not Plaintiff experienced a chilling effect is irrelevant to the Fourteenth Amendment inquiry, and has already been addressed by the Court above. And, as above, Plaintiff has added nothing to his FAC to remedy the deficiencies of pleading his Fourteenth Amendment claims. Still, "Plaintiff has not alleged he was detained or the victim of excessive force . . . [and] has not alleged a deprivation of a liberty or property interests protected by the Constitution." (Dec. 20, 2011 Order 10.) Accordingly, Plaintiff has failed to amend his complaint to allege a cognizable § 1983 claim under the Fourteenth Amendment as well.

## CONCLUSION

For the reasons explained above, Plaintiff's sole federal claim under 42 U.S.C. § 1983 is **DISMISSED** without prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to

exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and thus those claims are also **DISMISSED** without prejudice.  The Court will afford Plaintiff one last opportunity to amend his complaint to state a cognizable federal claim.  If he wishes to do so, he **SHALL FILE** a complaint addressing all of the deficiencies noted by the Court <u>within 15 days of the date that this Order is electronically docketed</u>.

      **IT IS SO ORDERED**.

DATED:  July 16, 2012

                                 _Janis L. Sammartino_
                                 Honorable Janis L. Sammartino
                                 United States District Judge